## J. G. MILTON, ET AL. *v.* J. M. McCLOSKEY'S EXR., ET AL.

**Renewal of Notes of Testator by His Executors.**

Where a testator empowers his executors to sell real estate to pay all his debts, but his executors attempt to pay them without such sales, and they renew the notes of the testator, such renewals will not deprive the holders of such notes of their liens upon the estate devised for the payment of his debts in the first instance; and this is not charged by the fact that the renewal notes are signed by the executors in their individual capacity.

**Debts of Widow of Testator.**

No part of the testator's estate is subject to pay the individual debts of the widow and executor, who is the devisee of all the estate after the debts thereof are paid. The testator's debts must first be paid.

APPEAL FROM NELSON CIRCUIT COURT.

December 13, 1883.

OPINION BY JUDGE LEWIS:

In March, 1871, Joseph McCloskey died, leaving a will which was duly proved and recorded and is as follows:

"1. I will that all my just debts and funeral expenses be paid.

"2. I will that my wife, Elizabeth McCloskey, shall have, after paying all of my just debts, all the remainder of my estate, both real and personal, to do with as she may think best.

"3. I appoint my wife, Elizabeth McCloskey, and my son, John R. McCloskey, executor and executrix of this my last will with power to sell and convey enough of my estate to pay all my just debts, no security to be required of my executor."

At the time he died the testator owned a considerable estate, personal and real, and owed a large amount of debts, two of his creditors being Presley Milton who held a note for $4,240 and Thomas Hobbs who held a note for $1,150.

The executrix and executor were duly qualified as such, but, instead of selling the property left by the testator and paying the debts with the proceeds, undertook to pay them without a sale, and with that view renewed the notes at different times. In 1872 a new note was executed by them to Hobbs for $1,305, being the original note and interest to that date, which new note was made to bear ten instead of six per cent. interest. In 1875 another note for $943.36, being the balance due of the second note after applying payments made by the executors, was executed by them to the executrix of Hobbs, who is one of the appellants.

In 1875 the executor and executrix, together with Bodine McCloskey, executed a note for $4,000 to Presley Milton as a renewal of the one given by the testator, the new note being made to bear interest at the rate of ten per cent. instead of six which was the rate of interest the first one bore. In 1876 the second note was renewed by the parties. Upon that note various payments were made by the executors, and in 1877 the executors executed and delivered to one James Moore their note for $1,761, the amount of which was entered as a credit upon the note held by Milton's executor upon McCloskey's executor. The note to Moore was afterwards renewed and subsequently became the property of the First National Bank of Spring-

field, and the original note credited by payments and by the amount of the Moore note came to the possession of appellants, Wilson and Muir, who are the beneficial owners.

March, 1878, the executor and executrix brought this action for a settlement of the estate of the testator, and a sale of the real property left by him for the purpose of paying the unpaid debts. To that petition appellants and other creditors of the testator were made party defendants, and subsequently appellees, Tyler and other creditors of Elizabeth McCloskey, were also made defendants.

The action was referred to the master commissioner of court with directions to audit and state the accounts of the executors, and also to ascertain and report the liabilities of the testator yet unpaid. At the October term, 1879, of the court, he made his report. In his report the commissioner undertook to divide the debts unpaid into four classes: First, claims existing at the date of the testator's death. Second, claims upon debts renewed since his death but remaining in substance unchanged. Third, claims upon debts existing at his death but which were renewed in whole or in part after his death and upon terms different from the original obligations. Fourth, claims against Elizabeth McCloskey. Debts of appellants were placed by the commissioner in the third class described or decided by him as novated. Exceptions to the report were filed by Tyler and others, creditors of Elizabeth McCloskey, to so much of the report as allowed the claims placed in the second class as subsisting claims against the estate of Joseph McCloskey, which exceptions were sustained. But otherwise the report was confirmed.

At the October term of court, 1881, judgment was rendered overruling the motion of appellants to pay their claims out of the estate of the testator, which then consisted of the proceeds of the real property sold under previous judgment of court, and then adjudged that their debts were not demands against the estate of the testator. The effect of the judgment appealed from was to give to the devisee, Elizabeth McCloskey, and make subject to the debts of her creditors the estate of the testator directed by him to be applied first to the payment of all his just debts.

It is contended that, as the report of the master commissioner was in December, 1879, confirmed without exception or objection on the part of appellants, they are now concluded by that report. They are concluded as to all matters within the sphere of the commis-

sioner's duty, but his opinion or decision as to whether the claims of appellants were novated is without any force, because it was for the court and not him to determine whether or not they were legally subsisting debts against the estate of the testator which the court did do for the first time by the judgment rendered at the October term, 1881, which has been appealed from.

The only question, therefore, is whether the renewals of the notes by the executors after the death of the testator have had the effect of depriving appellants of their liens upon the testator's estate. This question has been determined by this court in *Drake v. Ellman,* 80 Ky. 434, 4 Ky. L. 269. In that case the notes existing at the time the testator died were renewed by his two sons, devisees under the will, but it was held that notwithstanding that fact there was not such novation as deprived the creditor of his lien upon the estate devised for the payment of his debts in the first instance.

The notes executed by the testator in this case were renewed by his executors with a view, if possible, to pay the debts without a sale of the property. There is nothing to show that any of the parties intended that the lien upon the estate of the testator should be waived or relinquished. Nor do the executors even claim or insist that appellants have lost their right to look to the estate of the testator for the payment of the residue of their debts. It is only the creditors of Elizabeth McCloskey, whose debts against her have been created since the death of the testator, that now insist upon divesting the property of the testator from the purpose desired and directed in his will to be carried out.

That the new notes were executed by Elizabeth McCloskey and John R. McCloskey individually, and not in their representative character, makes no difference, nor does the fact that Bodine McCloskey also signed the renewed notes. In his deposition John R. McCloskey states that he did not regard the renewals by him and his mother as payments of the debts as against the testator. It is clear that the purpose was not to change the debts, but simply to give the executors indulgence and time to pay off the indebtedness against the estate of the testator without a sale of the property.

The court below erred in adjudging any part of the estate of the testator subject to the debts of the creditors of Elizabeth McCloskey until the debts of appellants were paid. The judgment appealed

from must therefore be *reversed* and cause remanded for further proceedings consistent with this opinion.

*Muir & Wickliffe, for appellants.*

*J. W. Thomas, for appellees.*